| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br>Telephone: (720) 865-8301 | DATE FILED: May 24, 2019 7:15 PM<br>FILING ID: D5FAF3216E053<br>CASE NUMBER: 2019CV32070 |
| **MARJORIE ROESINGER** and **STEPHEN J. ROESINGER**,<br>Plaintiffs<br><br>v.<br><br>**PETCO ANIMAL SUPPLIES, INC.**, a Delaware corporation, **PETCO ANIMAL SUPPLIES STORES, INC.**, a Delaware corporation, **D.H. PACE COMPANY, INC., dba DOOR CONTROL SERVICES**, a Delaware corporation, and **STANLEY ACCESS TECHNOLOGIES LLC**, a foreign limited liability company.<br>Defendants | ▲ Court Use Only ▲ |
| Jeffrey A. Springer, Reg. No. 6793<br>Matthew M. Holycross, Reg. No. 40463<br>SPRINGER & STEINBERG, P.C.<br>1600 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 861-2800; Facsimile: (303) 832-7116<br>E-mail: jspringer@springersteinberg.com<br>         mholycross@springersteinberg.com<br><br>Phil Harding, Reg. No. 20411<br>Chris Parrish, Reg. No. 44874<br>HARDING & ASSOCIATES, P.C.<br>730 17th Street, #650<br>Denver, Colorado 80202<br>Telephone:  (303) 762-9500<br>E-mail:  phil@hlaw.org<br>         chris@hlaw.org<br>*Counsel for Plaintiffs* | Case Number:<br><br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

COMES NOW, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, by and through their counsel of record, for their Complaint for Damages and Jury Demand against Defendants, state and alleges as follows:

**Exhibit A**

## I. PARTIES

1. Plaintiff Marjorie Roesinger ("Marjorie") is a natural person and is a resident and citizen of the State of Colorado, residing at 5699 S. Cedarwood Road, Greenwood Village, CO 80121.

2. Plaintiff Stephen J. Roesinger ("Stephen") is a natural person and is a resident and citizen of the State of Colorado, residing at 5699 S. Cedarwood Road, Greenwood Village, CO 80121.

3. Plaintiffs Marjorie Roesinger and Stephen Roesinger are married, and were married as of August 26, 2017.

4. Defendant Petco Animal Supplies, Inc. and Defendant Animal Supplies Stores, Inc. (collectively referred to as the "Petco Defendants") are corporations licensed and organized under the laws of Delaware. The Petco Defendants are authorized to do business and were doing business in Colorado at all relevant times herein. The Petco Defendants' principal place of business is located at 10850 Via Frontera, San Diego, California 92127 and their principal mailing office is located at 654 Richland Hills Drive, San Antonio, Texas 78245. The Petco Defendants' registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

5. Defendant D.H. Pace Company, Inc., dba Door Control Services ("DH Pace") is a foreign corporation and was organized under the laws of Delaware. DH Pace is authorized to do business and was doing business in Colorado at all relevant times herein. DH Pace's principal place of business is located at 4200 Monaco Street, Denver, Colorado 80216 and its principal mailing office is located at 1901 East 19th Street, Olathe, Kansas 66061. DH Pace's registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

6. Defendant Stanley Access Technologies LLC ("Stanley") is a foreign limited liability company licensed and organized under the laws of Delaware. Stanley is authorized to do business and was doing business in Colorado at all relevant times herein. Stanley's principal place of business is located at 1000 Stanley Drive, New Britain, Connecticut 06053. Stanley's registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## II. JURISDICTION AND VENUE

7. Jurisdiction is proper for Plaintiffs' claims against Defendants pursuant to C.R.S. §13-1-124.

8. Venue in Denver County, State of Colorado, is proper pursuant to C.R.C.P. 98 because the incident giving rise to this Complaint occurred at 8100 W. Crestline Avenue, Littleton, Colorado 80123, Denver County.

### III. GENERAL ALLEGATIONS

9. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

10. As of August 26, 2017, the Petco Defendants were retailers operating out of a building on the real property located at 8100 W. Crestline Avenue, Littleton, Colorado 80123 (the "Property").

11. To enter or exit the retail store on the Property (the "Store"), customers had to walk through a set of automatic sliding doors, walk through a small enclosed atrium, and then walk through a second set of automatic sliding doors.

12. The two sets of automatic sliding doors at the Store included sensors and other electronic equipment to operate the automatic sliding doors (the configuration of two sets of automatic sliding doors, sensors, and operating electronic equipment is collectively referred to as the "Automatic Doors").

13. Upon information and belief, the Automatic Doors at the Store were designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed by Stanley.

14. Upon information and belief, the Automatic Doors at the Store were the same automatic sliding doors, sensors, and equipment that was originally installed at the Store and were not replaced at any point prior to August 26, 2017.

15. Upon information and belief, the Automatic Doors were maintained, repaired, serviced, cleaned, adjusted, or otherwise cared for by the Petco Defendants and/or DH Pace prior to August 26, 2017.

16. On August 26, 2017, Marjorie and Stephen planned to visit the Store to purchase items from the Petco Defendants.

17. Marjorie was using her walker to ambulate from Plaintiffs' car to the Automatic Doors and enter the Store.

18. Stephen was walking in front of Marjorie and entered the Automatic Doors before Marjorie.

19. Stephen walked through the first set of automatic sliding doors, into the atrium, and partially through the second set of automatic sliding doors.

20. The Automatic Doors opened for Stephen and did not close on him.

21. Marjorie followed Stephen through the first set of automatic sliding doors.

22. The first set of automatic sliding doors unexpectedly closed forcefully on Marjorie's walker, knocking her to the ground, causing her to strike her head.

23. Marjorie suffered serious and significant injuries when the Automatic Doors closed on her.

24. The Automatic Doors unexpectedly and forcefully closed on Marjorie while she was in the doors because they failed to stay open for enough time to allow Marjorie to pass through the Automatic Doors without being struck.

25. To operate safely, the Automatic Doors should remain open if the doorway is obstructed or someone is inside the doorway between the sliding doors.

26. To operate safely, the Automatic Doors should not close if the doorway is obstructed or someone is inside the doorway between the sliding doors.

27. Automatic sliding doors that close when the doorway is obstructed or someone is inside the doorway between the sliding doors are not operating safely, regardless of how the doors are designed or manufactured.

28. Automatic sliding doors that close when the doorway is obstructed or someone is inside the doorway between the sliding doors are not operating as designed, manufactured, or installed.

29. Safety, design, manufacturing, and installation standards concerning the Automatic Doors provide that properly maintained automatic sliding doors will not close if there is something or someone obstructing the doorway.

30. The Automatic Doors closed unexpectedly and forcefully while Marjorie was obstructing the doorway on August 26, 2017.

31. Defendants did not adequately or properly warn Plaintiffs that the Automatic Doors might close unexpectedly even when the doorway was obstructed.

32. Plaintiffs acted reasonably when entering the Store on August 26, 2017.

33. Plaintiffs did not contribute to the Automatic Doors closing on Marjorie on August 26, 2017.

34. Plaintiffs did not contribute, in whole or in part, to their injuries or damages.

35. Plaintiffs reasonably mitigated their injuries and damages.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Premises Liability Claim against the Petco Defendants)

36.Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

37.On August 26, 2017, Plaintiffs were walking into the Store at the Property to conduct business in which both Plaintiffs and the Petco Defendants were mutually interested, and/or the Petco Defendants expressly or impliedly represented that the public, including Plaintiffs, were requested, expected, or intended to enter or remain on the Property.

38.Accordingly, on August 26, 2017, Plaintiffs were invitees of the Petco Defendants, as defined by C.R.S. § 13-21-115(5)(a).

39.At all times relevant herein, the Petco Defendants were legally responsible for the activities conducted or circumstances existing on the Property and within the Store.

40.At all times relevant herein, and specifically on August 26, 2017, the Petco Defendants were "landowners" of the Property, as defined by C.R.S. § 13-21-115(1).

41.Under C.R.S § 13-21-115(3)(c)(1), the Petco Defendants owed Plaintiffs, invitees of the Property, a duty to use reasonable care to protect them from dangerous conditions about which the landowner knew or should have known.

42.The Petco Defendants knew or should have known that the Automatic Doors were not properly selected, installed, maintained, cleaned, cared for, set, adjusted, calibrated, inspected, or otherwise were not reasonably operable.

43.The Petco Defendants knew or should have known that the Automatic Doors created a dangerous condition on the Property.

44.The Petco Defendants unreasonably failed to take reasonable steps to protect Plaintiffs from the dangerous condition on the Property created by the Automatic Doors by failing to properly select, install, maintain, clean, care for, set, adjust, calibrate, inspect, or otherwise keep them reasonably operable.

45.The Petco Defendants' failure to use reasonable care to protect Plaintiffs from the dangerous conditions on the Property about which they knew or should have known caused Plaintiffs to sustain injuries and damages.

46.As a direct and proximate result of the Petco Defendants' action or inaction, Plaintiffs sustained serious bodily and mental injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

47. As a direct and proximate result of the Petco Defendants' action or inaction, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

48. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against the Petco Defendants for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

## SECOND CLAIM FOR RELIEF
### (Negligence – plead in the alternative – against the Petco Defendants)

49. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

50. Plaintiffs plead negligence in the alternative, should the Court or jury determine that this is not a case that falls within the Premises Liability Act.

51. The Petco Defendants owed the patrons of the Property, including Plaintiffs, a duty of reasonable care under the circumstances to protect them from dangers present on the Property, including the Automatic Doors.

52. The Petco Defendants breached its duty of due care owed to Plaintiffs by allowing the Automatic Doors to be in a state where they were not properly selected, installed, maintained, cleaned, cared for, set, adjusted, calibrated, inspected, or otherwise were not reasonably operable.

53. The Petco Defendants' breach of their duty owed to Plaintiffs caused Plaintiffs to sustain injuries and damages.

54. As a direct and proximate result of the Petco Defendants' actions, Plaintiffs sustained, and will continue to endure, serious bodily and mental injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

55. As a direct and proximate result of the Petco Defendants' actions, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

56. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against the Petco Defendants for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

### THIRD CLAIM FOR RELIEF
### (Negligence against Defendant DH Pace)

56. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

57. DH Pace owed patrons of the Store, including Plaintiffs, a duty of reasonable care under the circumstances to protect them from the dangers created by the improperly selected, installed, maintained, cleaned, cared for, set, adjusted, calibrated, inspected, or otherwise inoperable Automatic Doors at the Store.

58. DH Pace breached its duty of due care owed to Plaintiffs by failing to properly select, install, maintain, clean, care for, set, adjust, calibrate, inspect, or otherwise keep them reasonably operable.

59. DH Pace's breach of its duty owed to Plaintiffs caused Plaintiffs to sustain injuries and damages.

60. As a direct and proximate result of DH Pace's actions, Plaintiffs sustained serious bodily injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

61. As a direct and proximate result of DH Pace's actions, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

62. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against Defendant DH Pace for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

### FOURTH CLAIM FOR RELIEF
### (Strict Product Liability—Design Defect against Defendant Stanley)

63. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

64. Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed the Automatic Doors at the Store.

65. The Automatic Doors that Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed were in an unsafe, defective, and unreasonably dangerous condition, which was dangerous to users who had to use the doors, including the Plaintiffs.

66. The Automatic Doors that Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed were in an unsafe, defective, and unreasonably dangerous condition at the time they left Stanley's possession.

67. The Automatic Doors were expected to and did reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Stanley.

68. The Automatic Doors' unsafe, defective, and unreasonably dangerous condition was a direct and proximate cause of Plaintiffs' injuries.

69. The Automatic Doors failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

70. Plaintiffs' injuries resulted from the use of the Automatic Doors, which use was both intended and reasonably foreseeable by Stanley.

71. The Automatic Doors posed a risk of danger and possible death inherent in its design which outweighed the benefits of that design.

72. The Automatic Doors were defective and unsafe, and Stanley knew or had reason to know that they were defective and unsafe, especially when used in the form and manner as provided by Stanley.

73. Stanley knew, or should have known, that the Automatic Doors were in a defective condition and were unreasonably dangerous and unsafe.

74. The Automatic Doors were defective in design and formulation because they were not reasonably fit, suitable, or safe for their intended purpose, their foreseeable risks exceed the benefits associated with their design, and they lacks efficacy, posed a greater likelihood of injury or death and were more dangerous than other available devices indicated for the same conditions and uses.

75. Stanley failed to test and study, or insufficiently tested or studied, the Automatic Doors before placing them in the stream of commerce.

76. The Automatic Doors at the Store were being used for their intended purposes and in the intended manner, namely for use as automatic sliding doors to enter and exit the Store.

77. Stanley, with this knowledge, voluntarily designed its Automatic Doors in a dangerous condition for public use, and in particular, for use by Plaintiffs.

78. Stanley had a duty to create a product that was not unreasonably dangerous for its normal, foreseeable, and intended use.

79. Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed a defective product which, when used in its intended or reasonably foreseeable manner, created an unreasonable risk to the health of consumers and to Plaintiffs in particular, and Stanley is therefore strictly liable to Plaintiffs for the injuries and damages that they sustained.

80. There was a safer alternative design for the Automatic Doors that was both technologically and economically feasible that would have eliminated or substantially reduced the damage that Plaintiffs sustained.

81. As a direct and proximate result of Stanley's improper design of the Automatic Doors, Plaintiffs sustained, and will continue to endure, serious bodily and mental injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

82. As a direct and proximate result of Stanley's improper design of the Automatic Doors, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

83. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against Defendant Stanley for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

## FIFTH CLAIM FOR RELIEF
### (Strict Product Liability—Manufacturing Defect against Defendant Stanley)

84. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

85. Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed the Automatic Doors at the Store.

86. The Automatic Doors that Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed were in an unsafe, defective, and unreasonably dangerous condition at the time they left Stanley's possession.

87. The Automatic Doors were expected to and did reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition in which they were designed, produced, manufactured, sold, distributed, installed, and marketed by Stanley.

88. The Automatic Doors at the Store were defective in their manufacture when they left Stanley's possession in that they deviated from product specifications, posing a serious risk that they could fail by closing on patrons entering and exiting the Store, thereby giving rise to physical injury, pain and suffering, and debilitation.

89. As a direct and proximate result of Stanley's improper manufacturing of the Automatic Doors, Plaintiffs sustained, and will continue to endure, serious bodily and mental injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

90. As a direct and proximate result of Stanley's improper manufacturing of the Automatic Doors, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

91. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against Defendant Stanley for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

## SIXTH CLAIM FOR RELIEF
### (Strict Product Liability—Failure to Warn against Defendant Stanley)

92. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

93. Stanley designed, researched, manufactured, tested, advertised, promoted, marketed, sold, installed, and distributed the Automatic Doors at the Store.

94. The Automatic Doors were defective due to inadequate warnings because Stanley knew or should have known that the Automatic Doors could fail by closing on patrons while entering or exiting the doors and therefore cause physical injury, pain and suffering, and debilitation to users of the doors, including Plaintiffs.

95. Despite this knowledge or constructive knowledge, Stanley failed to give consumers and landowners adequate warning of such risks attendant to the Automatic Doors.

96. The Automatic Doors at the Store were used in a manner consistent with their intended or reasonably foreseeable uses.

97. As a direct and proximate result of Stanley's failure to warn concerning the Automatic Doors, Plaintiffs sustained, and will continue to endure, serious bodily and mental injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

98. As a direct and proximate result of Stanley's failure to warn concerning the Automatic Doors, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

99. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against Defendant Stanley for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

## SEVENTH CLAIM FOR RELIEF
**(Negligence against Defendant Stanley)**

100. Plaintiffs hereby incorporate all the preceding allegations as if fully set forth herein.

101. Stanley owed members of the public who used the Automatic Doors to enter and exit the Store, including Plaintiffs, a duty of reasonable care under the circumstances in designing, researching, manufacturing, marketing, supplying, promoting, selling, testing, quality assurance, quality control, installing, and distribution of the Automatic Doors into the stream of commerce, including a duty to assure that the Automatic Doors would not cause harm to the foreseeable users of the Automatic Doors, including Plaintiffs.

102. Stanley failed to exercise reasonable care in designing, researching, manufacturing, marketing, supplying, promoting, selling, testing, quality assurance, quality control, installing, and distribution of the Automatic Doors into the stream of commerce.

103. Stanley knew or should have known that foreseeable users of the Automatic Doors were at risk of suffering harmful effects of the Automatic Doors, including having the doors unexpectedly close on them while inside the doors.

104. Stanley breached its duty owed to Plaintiffs, as foreseeable users of the Automatic Doors at the Store, in the following ways, without limitation:

   a. Negligently designing the Automatic Doors in a manner that was dangerous to those individuals who used the doors;

   b. Designing, manufacturing, producing, creating, and promoting the Automatic Doors without adequately, sufficiently, or thoroughly testing them;

   c. Failing to conduct a sufficient testing program to determine whether or not the Automatic Doors were safe for use;

   d. Marketing and selling the Automatic Doors when Stanley knew or should have known that they were unsafe and unfit for use because of the dangers they presented to users;

   e. Selling the Automatic Doors without undergoing proper and sufficient tests to determine the dangers to users;

   f. Failing to adequately and correctly warn users, including Plaintiffs, of the dangers of the Automatic Doors;

   g. Failing to recall the dangerous and defective Automatic Doors at the earliest date that it became known that the Automatic Doors were dangerous and defective;

   h. Representing that the Automatic Doors were safe for use for their intended purpose, when in fact, they were unsafe;

   i. Manufacturing or producing the Automatic Doors in a manner that was dangerous to those individuals who had to use the doors;

   j. Assembling or installing the Automatic Doors in a manner that was dangerous to those individuals who had to use the doors;

   k. Under-reporting, underestimating, and downplaying the serious risks and dangers posed by the Automatic Doors;

   l. Failing to use care in designing and manufacturing the Automatic Doors so as to avoid the risks to individuals who had to use the doors;

   m. Failing to accompany the Automatic Doors with proper warnings;

   n. Failing to accompany the Automatic Doors with proper instructions for use; and

   o. Failing to conduct adequate testing to determine the safety of the Automatic Doors.

105. Despite Stanley's knowledge or constructive knowledge of the Automatic Doors' propensity to cause harm to individuals that had to use the doors, Stanley continued to market, manufacture, distribute, install, and sell the Automatic Doors.

106. Stanley knew or should have known that users of the Automatic Doors, including Plaintiffs, would suffer foreseeable injury and would be at increased risk of suffering an injury as a result of Stanley's breach of the duty owed to Plaintiffs and Stanley's failure to exercise reasonable and ordinary care.

107. As a direct and proximate result of Stanley's actions, Plaintiffs sustained, and will continue to endure, serious bodily and mental injuries, physical impairments, physical disfigurement, pain and suffering, physical disability, loss of enjoyment of life, physical and mental pain and suffering, emotional distress, and losses of consortium, in amounts to be determined at the time of trial.

108. As a direct and proximate result of Stanley's actions, Plaintiffs incurred substantial medical and rehabilitation expenses in the past and will incur medical and rehabilitation expenses in the future, in amounts to be determined at the time of trial.

109. Plaintiffs are entitled to recover all their damages and losses in amounts to be determined at the time of trial.

WHEREFORE, Plaintiffs, Marjorie Roesinger and Stephen J. Roesinger, pray for judgment in their favor and against Defendant Stanley for general and special damages as proven at trial, pre-judgment interest from August 26, 2017, post-judgment interest as provided for by law, costs, expert witness fees and all other damages to be determined at trial, loss of consortium damages, and for such other and further relief as the Court deems just and proper in the premises.

## V. JURY DEMAND

Plaintiffs hereby demands a trial to a jury of six (6) concerning all issues so triable.

DATED May 24, 2019.                                     Respectfully submitted,

**SPRINGER & STEINBERG, P.C.**                          **HARDING & ASSOCIATES, P.C.**

*E-Filed and/or E-Served pursuant to C.R.C.P. 121, §1-26.*    *E-Filed and/or E-Served pursuant to C.R.C.P. 121, §1-26.*

*/s/ Matthew M. Holycross*                              */s/ Phil Harding*
Jeffrey A. Springer, Reg. No. 6793                       Phil Harding, Reg. No. 20411
Matthew M. Holycross, Reg. No. 40463                     Chris Parrish, Reg. No. 44874
*Co-counsel for Plaintiffs*                              *Co-counsel for Plaintiffs*

Plaintiffs' Address:
5699 S. Cedarwood Road
Greenwood Village, CO 80121