| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address:         1437 Bannock Street<br>                              Denver, CO 80202 | DATE FILED: June 19, 2019 4:30 PM<br>FILING ID: C26BCF76D30DB<br>CASE NUMBER: 2019CV32070 |
| Plaintiff(s):   Marjorie Roesinger and Stephen J. Roesinger<br><br>v.<br><br>Defendant(s): Petco Animal Supplies, Inc., a Delaware corporation, Petco Animal Supplies Stores, Inc., a Delaware corporation, D.H. Pace Company, Inc., dba Door Control Services, a Delaware corporation, and Stanley Access Technologies LLC, a foreign limited liability company | ▲COURT USE ONLY▲ |
| Attorney for Defendant D.H. Pace Company, Inc. d/b/a Door Control Services:<br>Name:         Richard A. Waltz, # 11567<br>                   Barbara J. Stauch, # 30666<br>                   WALTZ\|REEVES<br>Address:      1660 Lincoln Street, Suite 2510<br>                   Denver, Colorado 80264-3103<br>Phone No.:   (303)830-8800<br>Fax No.:      (303)830-8850<br>E-Mail:        dwaltz@waltzreeves.com<br>                   bstauch@waltzreeves.com | Case Number: 2019CV32070 |
| **DEFENDANT D.H. PACE COMPANY, INC.'S ANSWER AND JURY DEMAND** | |

COMES NOW the Defendant, D.H. Pace Company, Inc., erroneously named in the Complaint as D.H. Pace Company, Inc. d/b/a Door Control Services ("DH Pace") [1], by and through Richard A. Waltz and Barbara J. Stauch, of Waltz|Reeves, and hereby submits its Answer to Plaintiffs' Complaint.  As grounds therefore, DH Pace answers, alleges and avers as follows:

---

[1] DH Pace currently does business in various locations under the tradename Door Control Services. However, DH Pace did not use that trade name prior to March 2, 2018.

## I.     ANSWER TO PARTIES

1. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

2. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 2 of Plaintiffs' Complaint and, therefore, denies the same.

3. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

4. The allegations contained in paragraph 4 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

5. DH Pace admits that it is a foreign corporation organized under the laws of Delaware, and authorized to do business in the State of Colorado at all relevant times herein, and admits that its principal place of business is located at 1901 East 19th Street, Olathe, Kansas 66061, and admits that its registered agent in Colorado is Corporation Service Company, but denies the remaining allegations contained in paragraph 5 of the Plaintiffs' Complaint, as phrased.

6. The allegations contained in paragraph 6 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

## II.     ANSWER TO JURISDICTION AND VENUE

7. DH Pace denies the allegations in paragraph 7 of the Plaintiffs' Complaint. By filing this Answer, DH Pace specifically does not waive its right to remove this matter to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *City of Albuquerque v. Soto Enterprises, Inc.,* 864 F.3d 1089, 1098 (10th Cir. 2017); Fed. R. Civ. P. 81(c)(2).

8. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same.

## III.     ANSWER TO FACTS

9. DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Facts.

10. The allegations contained in paragraph 10 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

11. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 11 of Plaintiffs' Complaint and, therefore, denies the same.

12. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same.

13. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 13 of Plaintiffs' Complaint and, therefore, denies the same.

14. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same.

15. DH Pace denies the allegations in paragraph 15 of Plaintiffs' Complaint.

16. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 16 of Plaintiffs' Complaint and, therefore, denies the same.

17. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 17 of Plaintiffs' Complaint and, therefore, denies the same.

18. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 18 of Plaintiffs' Complaint and, therefore, denies the same.

19. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 19 of Plaintiffs' Complaint and, therefore, denies the same.

20. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 20 of Plaintiffs' Complaint and, therefore, denies the same.

21. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 21 of Plaintiffs' Complaint and, therefore, denies the same.

22. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 22 of Plaintiffs' Complaint and, therefore, denies the same.

23. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 23 of Plaintiffs' Complaint and, therefore, denies the same.

24. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 24 of Plaintiffs' Complaint and, therefore, denies the same.

25. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 25 of Plaintiffs' Complaint and, therefore, denies the same.

26. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 26 of Plaintiffs' Complaint and, therefore, denies the same.

27. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 27 of Plaintiffs' Complaint and, therefore, denies the same.

28. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 28 of Plaintiffs' Complaint and, therefore, denies the same.

29. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 29 of Plaintiffs' Complaint and, therefore, denies the same.

30. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 30 of Plaintiffs' Complaint and, therefore, denies the same.

31. DH Pace denies the allegations in paragraph 31 of the Plaintiffs' Complaint.

32. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 32 of Plaintiffs' Complaint and, therefore, denies the same.

33. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 33 of Plaintiffs' Complaint and, therefore, denies the same.

34. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 34 of Plaintiffs' Complaint and, therefore, denies the same.

35. DH Pace is without information sufficient to form a belief as to the truth and accuracy of the allegations contained in paragraph 35 of Plaintiffs' Complaint and, therefore, denies the same.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Premises Liability Claim against the Petco Defendants)

36. DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' First Claim for Relief.

37. The allegations contained in paragraph 37 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

38. The allegations contained in paragraph 38 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

39. The allegations contained in paragraph 39 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

40. The allegations contained in paragraph 40 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

41. The allegations contained in paragraph 41 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

42. The allegations contained in paragraph 42 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

43. The allegations contained in paragraph 43 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

44. The allegations contained in paragraph 44 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

45. The allegations contained in paragraph 45 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

46. The allegations contained in paragraph 46 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

47. The allegations contained in paragraph 47 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

48. The allegations contained in paragraph 48 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint.

## **SECOND CLAIM FOR RELIEF**
**(Negligence-plead in the alternative-against the Petco Defendants)**

49. DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Second Claim for Relief.

50. The allegations contained in paragraph 50 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

51. The allegations contained in paragraph 51 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

52. The allegations contained in paragraph 52 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

53. The allegations contained in paragraph 53 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

54. The allegations contained in paragraph 54 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

55. The allegations contained in paragraph 55 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

56. The allegations contained in paragraph 56 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint.

## THIRD CLAIM FOR RELIEF
### (Negligence against Defendant DH Pace)

**Plaintiffs incorrectly numbered the paragraphs from this section forward. Defendant has kept the numbering of the paragraphs as Plaintiffs have alleged in their Complaint.**

56.     DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Third Claim for Relief.

57.     DH Pace denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.     DH Pace denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     DH Pace denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     DH Pace denies the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     DH Pace denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     DH Pace denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint.

## FOURTH CLAIM FOR RELIEF
### (Strict Product Liability-Design Defect against Defendant Stanley)

63.     DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Fourth Claim for Relief.

64.     The allegations contained in paragraph 64 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required.  To the extent a response is required on behalf of DH Pace, the allegations are denied.

65.     The allegations contained in paragraph 65 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required.  To the extent a response is required on behalf of DH Pace, the allegations are denied.

66.     The allegations contained in paragraph 66 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required.  To the extent a response is required on behalf of DH Pace, the allegations are denied.

67.     The allegations contained in paragraph 67 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required.  To the extent a response is required on behalf of DH Pace, the allegations are denied.

68. The allegations contained in paragraph 68 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

69. The allegations contained in paragraph 69 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

70. The allegations contained in paragraph 70 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

71. The allegations contained in paragraph 71 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

72. The allegations contained in paragraph 72 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

73. The allegations contained in paragraph 73 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

74. The allegations contained in paragraph 74 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

75. The allegations contained in paragraph 75 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

76. The allegations contained in paragraph 76 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

77. The allegations contained in paragraph 77 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

78. The allegations contained in paragraph 78 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

79. The allegations contained in paragraph 79 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

80. The allegations contained in paragraph 80 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

81. The allegations contained in paragraph 81 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

82. The allegations contained in paragraph 82 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

83. The allegations contained in paragraph 83 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint.

### FIFTH CLAIM FOR RELIEF
**(Strict Product Liability-Manufacturing Defect against Defendant Stanley)**

84. DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Fifth Claim for Relief.

85. The allegations contained in paragraph 85 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

86. The allegations contained in paragraph 86 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

87. The allegations contained in paragraph 87 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

88. The allegations contained in paragraph 88 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

89. The allegations contained in paragraph 89 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

90. The allegations contained in paragraph 90 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

91. The allegations contained in paragraph 91 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint.

## SIXTH CLAIM FOR RELIEF
### (Strict Product Liability-Failure to Warn against Defendant Stanley)

92. DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Sixth Claim for Relief.

93. The allegations contained in paragraph 93 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

94. The allegations contained in paragraph 94 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

95. The allegations contained in paragraph 95 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

96. The allegations contained in paragraph 96 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

97. The allegations contained in paragraph 97 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

98. The allegations contained in paragraph 98 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

99. The allegations contained in paragraph 99 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint.

## SEVENTH CLAIM FOR RELIEF
### (Negligence against Defendant Stanley)

100. DH Pace incorporates by reference herein its previous admissions and denials where relevant to Plaintiffs' Seventh Claim for Relief.

101. The allegations contained in paragraph 101 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

102. The allegations contained in paragraph 102 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

103. The allegations contained in paragraph 103 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

104. The allegations contained in paragraph 104, including subparts a-o, of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

105. The allegations contained in paragraph 105 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

106. The allegations contained in paragraph 106 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

107. The allegations contained in paragraph 107 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

108. The allegations contained in paragraph 108 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

109. The allegations contained in paragraph 109 of Plaintiffs' Complaint are not directed to DH Pace, therefore, no response is required. To the extent a response is required on behalf of DH Pace, the allegations are denied.

Defendant DH Pace denies the allegations and damages otherwise pled in Plaintiffs' unnumbered "Wherefore" paragraph contained in Plaintiffs' Complaint

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint fails to state a claim or cause of action upon which relief can be granted against DH Pace.

2. Plaintiffs have failed to mitigate their damages, if any, as is required by law.

3. The sole and proximate cause of the injuries and damages in question was the negligence or fault of one or both of the Plaintiffs, or their negligence or fault contributed to the same. On a comparative basis, the negligence or fault of the Plaintiffs far outweighs that of this Defendant, which negligence or fault is specifically denied.

4. The sole and proximate cause of the injuries and damages of which Plaintiffs complain were the result of negligence or fault of third persons over whom this Defendant had neither control nor right of control.

5. The Plaintiffs assumed a known and unreasonable risk.

6. Plaintiffs' claims and/or damages, if any, are limited and/or barred by the relevant provisions of C.R.S. § 13-21-102.5 (limitation on damages for noneconomic loss or injury).

7. Plaintiffs' claims and/or damages, if any, are subjected to the relevant portions of C.R.S. § 13-21-111.5 (pro rata liability of defendants) and 111.6 (reduction of damages for payment from collateral source).

8. Plaintiff's claimed injuries and damages were pre-existing in nature and are not causally related to the subject incident.

9. Any and all allegations not specifically admitted herein are hereby denied

10. DH Pace reserve the right to amend their answers to include any affirmative defenses or to delete any inapplicable affirmative defenses.

WHEREFORE, having fully answered Plaintiffs' Complaint, DH Pace prays for dismissal of the same, for its costs expended in the defense hereof, and for such other and further relief as to this Court deems just and proper.

### **DEFENDANT D.H. PACE COMPANY, INC. D/B/A DOOR CONTROL SERVICES HEREBY DEMANDS A TRIAL TO A JURY OF SIX**

Dated this 19th day of June, 2019.

By: s/Barbara J. Stauch
Richard A. Waltz, #11567
Barbara J. Stauch, 30666

In accordance with C.R.C.P. 121 (c) §1-26 (7) a printed copy of this document with original signatures is being maintained by this filing party and will be made available for inspection by other parties or the Court upon request.

## CERTIFICATE OF SERVICE

      I hereby certify that a true correct copy of D.H. Pace Company, Inc. d/b/a Door Control Services's Answer and Jury Demand has been served on this 19th day of June, 2019 by service through COLORADO COURTS E-FILING, addressed to the following:

Jeffrey A. Springer, Esq.
Matthew M. Holycross, Esq.
Springer & Steinberg, P.C.
1600 Broadway
Suite 1200
Denver, CO 80202

Phil Harding, Esq.
Chris Parrish, Esq.
Harding & Associates, P.C.
730 17th Street
Suite 650
Denver, CO 80202

Larry S. McClung, Esq.
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO  80290

Kevin F. Amatuzio, Esq.
Kyle Jones, Esq.
Montgomery Amatuzio Chase Bell Jones, LLP
4100 E. Mississippi Ave. # 1600
Denver, CO  80246

                                                        s/Jessica J. Meier
                                                        Waltz|Reeves