| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>Court Address:<br>1437 Bannock Street<br>Denver, CO 80202<br>Phone: (720) 865-8301 | DATE FILED: June 19, 2019 9:44 AM<br>FILING ID: 80E1F2738D1D9<br>CASE NUMBER: 2019CV32070 |
| **Plaintiffs:** MARJORIE ROESINGER and STEPHEN J ROESINGER<br><br>v.<br><br>**Defendants:** PETCO ANIMAL SUPPLIES, INC., a Delaware corporation, PETCO ANIMAL SUPPLIES STORES, INC., a Delaware corporation, D.H. PACE COMPANY, INC., dba DOOR CONTROL SERVICES, a Delaware corporation, and STANLEY ACCESS TECHNOLOGIES LLC, a foreign limited liability company. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Defendants Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc.*<br>Larry S. McClung, Atty. No. 17908<br>Katherine M.L. Pratt, Atty. No. 36218<br>Wells, Anderson & Race, LLC<br>1700 Broadway, Suite 1020<br>Denver, CO 80290<br>(303) 830-1212<br>lmcclung@warllc.com<br>kpratt@warllc.com | Case No:     2019CV32070<br><br>Division: |

## PETCO'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Petco Animal Supplies, Inc. (incorrectly identified also as Petco Animal Supplies Stores, Inc.) ("Petco"), by and through undersigned counsel, Larry S. McClung and Katherine M.L. Pratt of Wells, Anderson & Race LLC, for its Answer, Defenses, Affirmative Defenses, and Jury Demand to Plaintiffs' Complaint states as follows:

## PARTIES

1.      Petco admits that Plaintiff Marjorie Roesinger is a natural person.  Petco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.

2.      Petco admits that Plaintiff Stephen Roesinger is a natural person.  Petco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.

3.      Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiffs' Complaint and therefore denies the same.

4.      Petco denies the allegations of Paragraph 4 of Plaintiffs' Complaint to the extent that it incorrectly identifies Petco Animal Supplies, Inc. as "Animal Supplies Stores, Inc."  Petco admits that it is a Delaware corporation doing business in Colorado; its principal office street address is 10850 Via Frontera, San Diego, California 92127; its principal office mailing address is 654 Richland Hills Drive, San Antonio, Texas 78245; and its registered agent, the Corporation Service Company, is located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

5.      The allegations of Paragraph 5 of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.  To any extent a response is required, Petco is without knowledge or information sufficient to form a basis as to the truth of such allegations and therefore denies the same.

6.      The allegations of Paragraph 6 of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.  To any extent a response is required, Petco is without knowledge or information sufficient to form a basis as to the truth of such allegations and therefore denies the same.

## JURISDICTION AND VENUE

7.      Petco admits that this Court has jurisdiction.

8.      Petco admits that venue is proper.

## RESPONSE TO GENERAL ALLEGATIONS

9.      Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 8 above as though fully set forth herein.

10.     Petco admits that on August 26, 2017, it transacted business as a pet supplies and services store on 8100 W. Crestline Avenue, Littleton, Colorado 80123.

11.     Petco admits that there are two sets of automatic sliding doors at the Store's main entrance and a passing area in between the two sets of doors.

12.     Upon information and belief, Petco admits that the two sets of automatic sliding doors at the Store's main entrance used sensors and other electronic equipment to operate.

13.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiffs' Complaint.

14.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.

15.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.

16.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.

17.     Petco admits that Plaintiff Marjorie Roesinger was using her walker to enter the Store at the time of the incident alleged in Plaintiffs' Complaint.  Petco is without knowledge or information sufficient to form a belief as to the truth of whether she was coming from Plaintiffs' car.

18.     Petco admits that Plaintiff Stephen Roesinger walked through the first set of automatic doors before Plaintiff Marjorie Roesinger attempted to do so.

19.     Petco admits that Plaintiff Stephen Roesinger walked through the first set of automatic doors and into the area between the first and second sets of automatic doors.  Petco denies that he walked through the second set of automatic doors.

20.     Petco admits the allegations of Paragraph 20 of Plaintiffs' Complaint.

21.     Petco admits that Plaintiff Marjorie Roesinger attempted to enter the Store through the first set of automatic doors after Plaintiff Stephen Roesinger had done so.

22.     Petco admits that the first set of automatic doors began to close while Plaintiff Marjorie Roesinger's walker was in between the doors and then retracted without fully closing. Petco admits that she fell to the ground and her head appeared to make contact with the ground. Petco denies the remaining allegations of Paragraph 22 of Plaintiffs' Complaint.

23.      Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiffs' Complaint and therefore denies the same.

24.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of Plaintiffs' Complaint and therefore denies the same.

25.     Paragraph 25 of Plaintiffs' Complaint does not contain factual allegations to which a response is required, and therefore, Petco denies the same.

26.     Paragraph 26 of Plaintiffs' Complaint does not contain factual allegations to which a response is required, and therefore, Petco denies the same.

27.     Paragraph 27 of Plaintiffs' Complaint does not contain factual allegations to which a response is required, and therefore, Petco denies the same.

28.     Paragraph 28 of Plaintiffs' Complaint does not contain factual allegations to which a response is required, and therefore, Petco denies the same.

29.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiffs' Complaint and therefore denies the same.

30.     Petco admits that the first set of automatic doors began to close while Plaintiff Marjorie Roesinger's walker was in between the doors and then retracted without fully closing. Petco denies the remaining allegations of Paragraph 30 of Plaintiffs' Complaint.

31.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of Plaintiffs' Complaint and therefore denies the same.

32.     Paragraph 32 of Plaintiffs' Complaint does not contain factual allegations to which a response is required, and therefore, Petco denies the same.

33.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of Plaintiffs' Complaint and therefore denies the same.

34.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of Plaintiffs' Complaint and therefore denies the same.

35.     Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiffs' Complaint and therefore denies the same.

## RESPONSE TO FIRST CLAIM FOR RELIEF
### (Premises Liability vs. Petco)

36.     Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 35 above as though fully set forth herein.

37.     Petco admits that on August 26, 2017, it operated a pet supplies and services store at the Property and Plaintiffs were walking into the Store.  Petco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Plaintiffs' Complaint and therefore denies the same.

38.     Paragraph 38 of Plaintiffs' Complaint consists of a legal conclusion to which no response is required.  To any extent a response is required, Petco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and therefore denies the same.

39.     Petco admits that on August 26, 2017, it was a "landowner" of the Property under the Premises Liability Act, C.R.S. § 13-21-115.  Petco denies that it owed any legal duty to Plaintiffs in excess of that imposed by the Premises Liability Act.  Petco further denies that it is liable to Plaintiffs for any alleged injuries, losses, or damages to the extent alleged in Plaintiffs' Complaint under any legal theory Plaintiffs assert.

40.     Petco admits that on August 26, 2017, it was a "landowner" of the Property under the Premises Liability Act, C.R.S. § 13-21-115.

41.     Paragraph 41 of Plaintiffs' Complaint consists of legal conclusions to which no response is required.  To any extent a response is required, Petco denies that it owed any legal duty to Plaintiffs in excess of that imposed by the Premises Liability Act.

42.     Petco denies the allegations of Paragraph 42 of Plaintiffs' Complaint.

43.     Petco denies the allegations of Paragraph 43 of Plaintiffs' Complaint.

44.     Petco denies the allegations of Paragraph 44 of Plaintiffs' Complaint.

45.     Petco denies the allegations of Paragraph 45 of Plaintiffs' Complaint.

46.     Petco denies the allegations of Paragraph 46 of Plaintiffs' Complaint.

47.     Petco denies the allegations of Paragraph 47 of Plaintiffs' Complaint.

48.     Petco denies the allegations of Paragraph 48 of Plaintiffs' Complaint.  Petco further denies that it is liable to Plaintiffs for any alleged injuries, losses, or damages alleged in Plaintiffs' Complaint under any legal theory Plaintiffs assert, including for any of the relief requested after the word "WHEREFORE" following Paragraph 48 of Plaintiffs' Complaint.

## RESPONSE TO SECOND CLAIM FOR RELIEF
### (Negligence vs. Petco)

49.     Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 48 above as though fully set forth herein.

50.     Petco states that a common law negligence claim against Petco is not proper in this action given Petco's status as a "landowner" under the Premises Liability Act.

51.     Paragraph 51 of Plaintiffs' Complaint consists of legal conclusions to which no response is required.  To any extent a response is required, Petco denies the allegations of Paragraph 51.

52.     Petco denies the allegations of paragraph 52 of Plaintiffs' Complaint.

53.     Petco denies the allegations of paragraph 53 of Plaintiffs' Complaint.

54.     Petco denies the allegations of paragraph 54 of Plaintiffs' Complaint.

55.     Petco denies the allegations of paragraph 55 of Plaintiffs' Complaint.

56.     Petco denies the allegations of paragraph 56 on page 6 of Plaintiffs' Complaint. Petco further denies that it is liable to Plaintiffs for any alleged injuries, losses, or damages alleged in Plaintiffs' Complaint under any legal theory Plaintiffs assert, including for any of the relief requested after the word "WHEREFORE" on page 7 of Plaintiffs' Complaint.

## RESPONSE TO THIRD CLAIM FOR RELIEF
### (Negligence vs. Defendant DH Pace)

57.     Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 56 above as though fully set forth herein.

58.     The allegations of Paragraph "57" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

59.     The allegations of Paragraph "58" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

60.     The allegations of Paragraph "59" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

61.     The allegations of Paragraph "60" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

62.     The allegations of Paragraph "61" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

63.     The allegations of Paragraph "62" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

## RESPONSE TO FOURTH CLAIM FOR RELIEF
### (Strict Product Liability—Design Defect vs. Defendant Stanley)

64.     Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 63 above as though fully set forth herein.

65.     The allegations of Paragraph "64" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

66.     The allegations of Paragraph "65" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

67.     The allegations of Paragraph "66" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

68.     The allegations of Paragraph "67" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

69.     The allegations of Paragraph "68" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

70.     The allegations of Paragraph "69" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

71.     The allegations of Paragraph "70" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

72.     The allegations of Paragraph "71" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

73.     The allegations of Paragraph "72" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

74.     The allegations of Paragraph "73" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

75.     The allegations of Paragraph "74" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

76.     The allegations of Paragraph "75" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

77.     The allegations of Paragraph "76" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.  To any extent a response is required, Petco states that the Automatic Doors were used to enter and exit the Store.

78.     The allegations of Paragraph "77" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

79.     The allegations of Paragraph "78" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

80.     The allegations of Paragraph "79" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

81.     The allegations of Paragraph "80" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

82.     The allegations of Paragraph "81" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

83.     The allegations of Paragraph "82" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

84.     The allegations of Paragraph "83" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

## RESPONSE TO FIFTH CLAIM FOR RELIEF
### (Strict Product Liability—Manufacturing Defect vs. Defendant Stanley)

85.     Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 84 above as though fully set forth herein.

86.     The allegations of Paragraph "85" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

87.     The allegations of Paragraph "86" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

88.     The allegations of Paragraph "87" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

89.     The allegations of Paragraph "88" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

90.     The allegations of Paragraph "89" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

91.     The allegations of Paragraph "90" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

92.     The allegations of Paragraph "91" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

## RESPONSE TO SIXTH CLAIM FOR RELIEF
### (Strict Product Liability—Failure to Warn vs. Defendant Stanley)

93.     Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 92 above as though fully set forth herein.

94.     The allegations of Paragraph "93" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

95.     The allegations of Paragraph "94" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

96.     The allegations of Paragraph "95" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

97.     The allegations of Paragraph "96" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.  To any extent a response is required, Petco states that the Automatic Doors were used to enter and exit the Store.

98.     The allegations of Paragraph "97" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

99.     The allegations of Paragraph "98" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

100.    The allegations of Paragraph "99" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF
### (Negligence vs. Defendant Stanley)

101.    Petco incorporates all of its responses to the allegations set forth in Paragraphs 1 through 100 above as though fully set forth herein.

102.    The allegations of Paragraph "101" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

103.    The allegations of Paragraph "102" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

104.    The allegations of Paragraph "103" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

105.    The allegations of Paragraph "104" of Plaintiffs' Complaint, including sub-paragraphs (a) through (o), are not directed at Petco, and therefore, no response is required.

106.    The allegations of Paragraph "105" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

107.    The allegations of Paragraph "106" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

108.    The allegations of Paragraph "107" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

109.    The allegations of Paragraph "108" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

110.    The allegations of Paragraph "109" of Plaintiffs' Complaint are not directed at Petco, and therefore, no response is required.

## **GENERAL DENIAL**

Petco denies all allegations, paragraphs, and averments not specifically responded to in the foregoing paragraphs.

## **DEFENSES AND AFIRMATIVE DEFENSES**

1.    Plaintiffs' Complaint fails to state a claim against Petco upon which relief can be granted.

2.    Plaintiffs' claims may be barred and/or limited by the provisions of C.R.S. § 13-21-115, Actions against landowners.

3.    The proximate cause of Plaintiffs' claimed damages and/or losses may have been the acts or omissions of a third party or parties over whom Petco had no control and for whom Petco is not legally responsible.

4.    The proximate cause of Plaintiffs' claimed damages and/or injuries, if any, may have been Plaintiffs' comparative negligence or fault, which conduct either bars or reduces Plaintiffs' recovery, if any, in accord with the Colorado Comparative Negligence Statute, C.R.S. § 13-21-111.

5.    The proximate cause of Plaintiffs' claimed damages and/or injuries, if any, may have been Plaintiffs' volitional assumption of a risk which conduct either bars or reduces Plaintiff's recovery, if any, in accord with the Colorado Comparative Negligence Statute, C.R.S. § 13-21-111.7.

6.    To the extent that Plaintiffs have received benefits which fall within the provisions of the collateral source limitations as described in C.R.S. § 13-21-111.6, Plaintiffs' recovery, if any, is barred or reduced thereby.

7.     In the event that Petco is determined to be in any way at fault concerning the damages described in Plaintiffs' Complaint, liability for which is expressly denied, then Petco shall not be held liable for any greater amount of damages than is represented by its degree or percentage of fault, which determination shall be made in accord with C.R.S. § 13-21-111.5.

8.     Plaintiffs' claims for damages, insofar as those damages constitute "a noneconomic loss or injury" or "derivative noneconomic loss or injury" as defined by C.R.S. § 13-21-102.5(2)(a) and (b), are controlled and limited by the provisions of C.R.S. § 13-21-102.5.

9.     Plaintiffs may have failed to mitigate their damages, if any, as required by law.

10.     Plaintiffs may have failed to join an indispensable party.

11.     Plaintiffs may not be the real party in interest as to all or part of their claims.

WHEREFORE Defendant Petco Animal Supplies, Inc. respectfully requests that Plaintiffs' Complaint be dismissed and that Petco have judgment against Plaintiffs on their claims, and for all costs incurred herein, attorney fees and expenses as permitted by law, and for such other and further relief as this Court deems just and proper.

## PETCO REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated this 19th day of June, 2019

Respectfully submitted,

**WELLS, ANDERSON & RACE, LLC**

By:     *S/ Larry S. McClung*
Larry S. McClung, #17908
Katherine M.L. Pratt, #36218
*Attorneys for Defendant Petco Animal Supplies, Inc.*
*and Petco Animal Supplies Stores, Inc.*

*Original Signatures on File at the Offices of Wells,*
*Anderson & Race, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of June, 2019, electronically delivered a true and correct copy of the foregoing **PETCO'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND JURY DEMAND** to Colorado Courts E-Filing for filing and/or service and served upon the following, pursuant to C.R.C.P. 121, §1-26, as follows:

**Via Colorado Courts E-Filing**
Jeffrey A. Springer
Matthew M. Holycross
SPRINGER & STEINBERG, P.C.
1600 Broadway, Suite 1200
Denver, Colorado 80202
E-mail: jspringer@springersteinberg.com
mholycross@springersteinberg.com
*Attorneys for Plaintiff*

**Via Email Only**
Dick Waltz
Barbara J. Stauch
WALTZ REEVES
1660 Lincoln Street, #2510
Denver, CO 80264
DWaltz@waltzreeves.com
bstauch@waltzreeves.com
*Attorney for D.H. Pace Company, Inc.*

**Via Colorado Courts E-Filing**
Phil Harding
Chris Parrish
HARDING & ASSOCIATES, P.C.
730 17th Street, #650
Denver, Colorado 80202
E-mail: phil@hlaw.org
chris@hlaw.org
*Attorneys for Plaintiff*

**Via Email Only**
Kyle Joyce
Kevin Amatuzio
MONTGOMERY   AMATUZIO   CHASE
BELL JONES LLP
4100 E. Mississippi Ave, 16th Floor
Denver, Colorado 80246
E-mail: kjoyce@mac-legal.com
kamatuzio@mac-legal.com
*Attorneys for Stanley Access Technologies, LLC*

*S/ Kathleen Porter*
Kathleen Porter
*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*