| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80419<br>Phone: 720-865-8301 | DATE FILED: June 19, 2019 4:42 PM<br>FILING ID: 5C61DC96A117D<br>CASE NUMBER: 2019CV32070 |
| **MARJORIE ROESINGER** and<br>**STEPHEN J. ROESINGER**,<br><br>Plaintiffs,<br><br>v.<br><br>**PETCO ANIMAL SUPPLIES INC.**,<br>**PETCO ANIMAL SUPPLIES STORES, INC.**,<br>**D.H. PACE COMPANY, INC. dba DOOR CONTROL SERVICES**, and<br>**STANLEY ACCESS TECHNOLOGIES LLC,**<br><br>Defendants. | |
| | ▲ COURT USE ONLY ▲ |
| *Attorneys for Defendant Stanley Access Technologies LLC:*<br>Kevin F. Amatuzio, Reg. No. 13119<br>Kyle B. Joyce, Reg. No. 48823<br>Montgomery Amatuzio Chase Bell Jones, LLP<br>4100 East Mississippi Avenue, Suite 1600<br>Denver, CO 80246-3048<br>303-592-6600 main<br>303-592-6666 fax<br>kamatuzio@mac-legal.com; kjoyce@mac-legal.com | Case No.: 19CV32070<br><br>Courtroom: 215 |
| **ANSWER OF DEFENDANT STANLEY ACCESS TECHNOLOGIES, LLC TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** | |

COMES NOW Defendant Stanley Access Technologies LLC ("SAT"), by and through its attorneys of record, Montgomery Amatuzio Chase Bell Jones, LLP, and hereby tenders its Answer to the Plaintiffs' Complaint. SAT asserts and states as follows:

1. SAT admits the following numbered allegations in the Plaintiffs' Complaint: 6.

2. SAT has insufficient present knowledge and information upon which to admit or deny the following numbered allegations in the Plaintiffs' Complaint, and, accordingly, denies the same and holds Plaintiffs to strict proof thereof: 1-5, 10-35, 64, 67, 76, 85, 87, 93, 96 and 103. All allegations of negligence, liability or fault by SAT within said allegations are denied.

3. SAT denies the following numbered allegations in the Plaintiffs' Complaint: 65, 66, 68-75, 77, 80-83, 86, 88-91, 94-95, 97-99, 102, and 105-109.

4. SAT denies the Plaintiff's prayers for relief and all allegations in the Plaintiffs' Complaint not specifically admitted herein.

5. The following numbered paragraphs of the Plaintiffs' Complaint assert legal conclusions and not allegations of fact, to which no response is required: 7, 8, 78, 79, 101, and 104, including subparts a - o in paragraph 104. To the extent that any response is required, SAT denies said allegations as they may be directed against it and has insufficient present knowledge and information upon which to admit or deny the remaining allegations as they may be directed against other Defendants.

6. Paragraphs 36-48, 49-56(1), and 56(2)-62 of Plaintiffs' Complaint are not directed at SAT and, therefore, do not require an answer of this Defendant. To the extent that an answer is required, SAT is without knowledge or information sufficient to form a belief regarding the truth of the allegations set for forth in the same. Defendant further states that there are two paragraphs numbered 56, they are identified in this Answer as 56(1) and 56(2).

7. In response to "incorporation" paragraphs in Plaintiffs' Complaint numbered 9, 63, 84, 92, and 100 SAT reasserts and realleges its responses to each and every numbered paragraph and allegation so incorporated as if set forth in full.

AFFIRMATIVE DEFENSES AND MATTERS IN MITIGATION OR AVOIDANCE

Without conceding that the following are matters about which SAT would have the burden of proof or persuasion, Defendant SAT further asserts and alleges as follows:

1. Plaintiffs' Complaint fails to state a claim for relief against SAT, in whole or in part.

2. Plaintiffs' claims against SAT are barred or limited by the exclusive remedy provisions of the Colorado Premises Liability Act to the extent the same applies to SAT, Section 13-21-115, C.R.S. (as amended).

3. Plaintiffs' claimed injuries and damages may have been caused by the acts or conduct of others, including but not limited to other named defendants in this action and nonparties to this action yet to be discovered, for whose conduct SAT is not legally responsible. SAT reserves the right to designate such nonparties as they may become known pursuant to the provisions of Section 13-21-111.5, C.R.S. (as amended).

4. Plaintiffs' claims may be barred or limited in whole or in part by operation of applicable statutes of limitation or repose, including but not limited to Sections 13-80-102, and 13-80-104, C.R.S. (as amended). Alternatively, Plaintiffs' claims may be barred by the equitable doctrine of laches.

5. Plaintiffs' damages, if any, were the proximate result of a superseding and/or intervening cause or circumstance.

6. Plaintiffs' injuries and/or damages, if any, were proximately caused by the sole or comparative negligence of Plaintiff Marjorie Roesinger which bars or reduces all of Plaintiffs' claims and damages under C.R.S. § 13-21-111 (as amended).

7. Plaintiffs' damages, if any, are reduced by the amount, if any, by which Plaintiff Marjorie Roesinger has received payment from any collateral source within the scope of C.R.S. § 13-21-111.6 (as amended) or Colorado's common law collateral source rule.

8. To the extent Plaintiffs seeks recovery for any non-economic damages, any such recovery is limited by the provisions set forth in C.R.S. § 13-21-102.5 (as amended).

9. Plaintiffs may have failed to take reasonable steps under the circumstances to minimize or mitigate whatever damages, if any, they may have sustained.

10. Plaintiffs' injuries may be the result of pre-existing conditions for which SAT is not responsible.

11. Plaintiffs' claims may be barred or limited because of product misuse and/or failures by others to conduct required inspections, maintenance, testing, or repair, for which SAT is not responsible.

12. Defendant SAT's conduct, acts or inaction, and/or its products were not a legal or substantial cause of any alleged damages.

13. Plaintiffs' claims against Defendant SAT are barred, in whole or in part, by the provisions of the Colorado Products Liability Act, C.R.S. § 13-21-401, et seq.

14. Pursuant to C.R.S. § 13-21-403(1)(a), at the time of the sale and/or delivery of any products for which SAT is alleged to be responsible, said products conformed to state of the art. Accordingly, SAT is entitled to a rebuttable presumption that the product is not defective, and that it was not negligent or at fault.

15. Pursuant to C.R.S. § 13-21-403(1)(b), at the time of the sale and/or delivery of any products for which SAT is alleged to be responsible, said products complied with any applicable codes, standards, and regulations. Accordingly, SAT is entitled to a rebuttable presumption that the product is not defective and that it was not negligent or at fault.

16. Defendant SAT requests leave of court to assert any additional appropriate defenses or to delete defenses herein, following discovery or at trial when the allegations of Plaintiffs' Complaint and the issues formulated thereby have become more definite and certain.

WHEREFORE, Defendant SAT, having fully answered the Plaintiffs' Complaint, respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that judgment be entered in favor of SAT, and the Court award this Defendant its attorneys' fees, costs and expenses and further grant to this Defendant such other and further relief as this Court deems just and proper.

**DEFENDANT STANLEY ACCESS TECHNOLOGIES HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted June 19, 2019.

                                MONTGOMERY AMATUZIO CHASE
                                BELL  JONES, LLP

                                By:    *s/Kevin F. Amatuzio*
                                       Kevin F. Amatuzio
                                       Kyle B. Joyce

                                ATTORNEYS FOR DEFENDANT
                                STANLEY ACCESS TECHNOLOGIES LLC

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 19, 2019, a true and correct copy of the foregoing **ANSWER OF DEFENDANT STANLEY ACCESS TECHNOLOGIES, LLC TO PLAINTIFFS' COMPLAINT** was prepared for service to the following in the manner indicated below:

*Counsel for Plaintiffs:*

Jeffrey A Springer, Esq.
Matthew M. Holycross, Esq.
Springer & Steinberg, PC
1600 Broadway, Suite 1200
Denver, Colorado   80202
jspringer@springersteinberg.com
mholycross@springersteinberg.com
**-and-**
Phil Harding, Esq.
Chris Parrish, Esq.
Harding & Assocxiates, PC
730 17th Street, Suite 650
Denver, Colorado  80202
phil@hlaw.org
chris@hlaw.org

☐ U.S. Mail    ☐ E-Mail    ☒ ICCES

               *s/Lisa M. Gruning*
               [Signature on File: Lisa M. Gruning]